IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHARLES WAYNE GETZ, #191946,   )
   )
       Petitioner,   )
   )
     v.   ) CIVIL ACTION NO. 2:03-CV-1064-MEF
   ) [WO]
WILLIE THOMAS, *et al.*,   )
   )
       Respondents.   )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Charles Wayne Getz ["Getz"], a state inmate, on October 24, 2003.[1]  In this petition, Getz challenges convictions for trafficking in amphetamines, possession of methamphetamine and possession of precursor chemicals imposed upon him by the Circuit Court of Bullock County, Alabama on December 17, 1997.  By operation of law, these convictions became final on June 15, 1999.

---

[1] 1. Although the Clerk stamped the present petition "filed" in this court on October 27, 2003, Getz executed the petition on October 24, 2003.  Under the prison mailbox rule applicable to documents filed by inmates in federal court, a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Getz] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  Accordingly and for purposes of the proceedings herein, the court considers October 24, 2003 as the date of filing.

Pursuant to the orders of this court, the respondents filed an answer in which they argue that the instant federal habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2]  The respondents contend that because Getz's trafficking and possession convictions became final in June of 1999 -- after the effective date of the statute of limitations -- Getz must have filed this § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.  The respondents acknowledge that Getz filed a state post-conviction petition on March 16, 2001.[3]  However, the record in this case establishes that this state petition did not toll the one-year period of limitation because Getz filed the petition after expiration of the limitation period and the petition was therefore not "pending" as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period.  *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531

---

[2]. Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

[3]. The Rule 32 petition establishes that Getz submitted the petition to prison officials for mailing on March 16, 2001.  *See Respondents' Exhibit A* at 11 - *Rule 32 Petition* at 7.  As previously noted, a pro se inmate's petition is deemed filed in federal cases the date it is delivered to prison officials for mailing.  *Houston v. Lack, supra*.  "Alabama courts have [adopted this rule and] held that a pro se incarcerated petition/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for writ of certiorari when those documents are given to prison officials for mailing."  *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing.").  Consequently, the prison mailbox rule applies to pro se Rule 32 petitions filed in the state courts of Alabama and March 16, 2001 is therefore the appropriate date of filing for Getz's Rule 32 petition.

U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000).  Thus, the respondents maintain that the present federal petition for habeas corpus relief is time-barred.

In light of the foregoing, the court entered an order advising Getz that he had failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1) and providing Getz an opportunity to show cause why his petition should not be barred from review by this court.  *Order of January 29, 2004 - Court Doc. No. 11* at 4-5.  In response to this order, Getz asserts that he is entitled to equitable tolling until August of 1999 because this is the time he received notice that his direct appeal was final.  He further agues that equitable tolling is warranted due to his lack of knowledge of the limitation period and because he had only limited access to the prison law library.  Additionally, Getz maintains that the court should allow statutory tolling "of the full two (2) year period where [he] <u>could</u> file his post-conviction petition in state court . . . whether actually filed or not."  *Petitioner's March 4, 2004 Response to Order - Court Doc. No. 14* at 2.  Getz likewise asserts that he is entitled to statutory tolling of the limitation period from October 4, 1999 until November 26, 1999 -- the time during which his motion to modify sentence remained pending in the state courts.  Finally, Getz argues that counsel's "failing to preserve issues at trial for direct review and then [not] proceeding on appeal to the state's highest court" created an impediment to the timely filing of this federal petition.  *Id*. at 10.  For the reasons which follow, the court finds that these arguments fail to justify tolling sufficient to render Getz's habeas petition timely filed.

Thus, upon review of the pleadings filed by the parties and the applicable federal law, the court concludes that the present § 2254 petition for writ of habeas corpus relief is due to be denied as Getz failed to file the petition within the requisite one-year period of limitation.

## DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254.  This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

4

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later.  Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken.  *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired.").  Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires.  *Id.*

On December 17, 1997, the Circuit Court of Bullock County, Alabama convicted Getz of trafficking in amphetamines, possession of methamphetamine and possession of precursor chemicals.  Getz filed a direct appeal and the Alabama Court of Criminal Appeals affirmed his convictions by memorandum opinion on May 28, 1999.  *See Respondents' Exhibit B*.  Getz did not further appeal these convictions and the appellate court therefore issued the certificate of judgment on June 15, 1999.[4]  Since Getz failed to seek relief from the Alabama Supreme Court, he relinquished his right to file a petition for certiorari with

---

[4]. Where further action is not undertaken upon a ruling by the appellate court, the certificate of judgment issues eighteen (18) days after issuance of the court's opinion.  Rule 41(a), *Alabama Rules of Appellate Procedure*.

the United States Supreme Court and the time for seeking review of his controlled substance convictions lapsed upon expiration of the time for filing an application for rehearing with the Alabama Court of Criminal Appeals -- fourteen (14) days from the denial of the motion for rehearing.  Rule 40, *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court).  Thus, Getz's convictions became final, at the latest, on June 15, 1999.

## A.  Equitable Tolling

Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."  *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997).  Such tolling applies only in truly extraordinary circumstances. *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of*

*Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002).  "The burden of establishing entitlement

to this extraordinary remedy plainly rests with the petitioner." *Drew,* 297 F.3d at 1286; *see*

*Helton v. Secretary for the Dept. of Corrections,* 259 F.3d 1310, 1313-14 (11th Cir.2001).

Getz argues that he is entitled to equitable tolling of the limitation period until the

time that he received notice that the direct appeal process had been completed.  In support

of this argument, Getz maintains that although he received notice from counsel on June 23,

1999 that the Alabama Court of Criminal Appeals had affirmed his convictions, counsel

"did not give any indication that he was not going to proceed with the appeals process and

take Getz's appeal to the Alabama Supreme Court." *Petitioner's March 4, 2004 Response*

*to Order - Court Doc. No. 14* at 4.  Getz asserts that "[i]t was not until August of 1999

when [he] received another letter from [counsel] . . . advising Getz that there was nothing

else [counsel] could do to help him and that Getz should consider filing a Rule 32 petition.

It was only then that Getz realized that [counsel] did not proceed with his appeal to the

Alabama Supreme Court." *Id*.  The respondents have filed nothing to dispute this

assertion.[5]

The evidentiary materials filed in this case demonstrate that on August 5, 1999, in

response to correspondence from Getz, counsel informed Getz that the direct appeal

---

[5] 5.  The letter from counsel is dated August 5, 1999 and is addressed to Getz at the proper correctional facility.  Getz does not allege any delay in his receipt of this letter and concedes that he received the letter sometime in August of 1999.  Allowing ten days for delivery of this letter to Getz and excluding Sundays, the court concludes that Getz received this letter on or before August 17, 1999.  Accordingly, for purposes of calculating expiration of the limitation period, the court will use August 17, 1999 as the date Getz became aware that the denial of his direct appeal was final.

process had concluded.  Under the undisputed circumstances of this case, the court finds that the limitation period should be equitably tolled from June 15, 1999 until August 17, 1999 because Getz did not receive notice of the finality of his direct appeal until receipt of the August 5, 1999 letter from counsel.  *Jones v. Nagle*, 349 F.3d 1305, 1308 (11th Cir. 2003) (equitable tolling appropriate until time petitioner alleged he received notice of state court's ruling where State fails to dispute petitioner's claim that his receipt of notice occurred several months after court's ruling).

Getz further argues that equitable tolling is warranted because (i) he lacked knowledge of the federal period of limitation, (ii) he had only limited time in the prison law library, and (iii) counsel failed to exhaust his claims properly at trial and on direct appeal. However, none of these arguments entitles Getz to further equitable tolling of the one-year period of limitation. Specifically, ignorance of the law "is not a factor that can warrant equitable tolling."  *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000), *cert. denied,* 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001). ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."). Moreover, neither an alleged inadequate prison law library nor limited access thereto establishes extraordinary circumstances warranting an equitable tolling of the limitation period. *Felder v. Johnson*, 204 F.3d 168 (11th Cir. 2000); *see also Marsh*, 223 F.3d at 1220. To the extent Getz alleges that the failure of counsel to present claims at trial or during the

8

direct appeal process justifies equitable tolling, he is likewise entitled to no relief as the actions of counsel about which Getz complains fail to establish any impediment to the filing of a timely habeas petition in this court.

## B.  Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  Getz argues that the limitation period should be tolled during the time that he could have filed a Rule 32 petition.[6]  However, this assertion is foreclosed by the plain

---

[6].  Getz references *Jones v. Nagle*, 349 F.3d 1305 (11th Cir. 2003) in support of this assertion.  In *Jones*, the court addressed whether the limitation period should be equitably tolled from the date of issuance of a state court opinion until the date the court advised the petitioner of its ruling and, the issue relevant to Getz's argument, whether a properly filed Rule 32 petition remained pending during the time which a petitioner could file a notice of appeal from a lower court's denial of this Rule 32 petition therefore warranting tolling of the limitation period under the provision contained in 28 U.S.C.§ 2244(d)(2).  The court did not address whether the time during which a petitioner could file a Rule 32 petition would be tolled under § 2244(d)(2) nor had the parties presented this issue.  Nevertheless, in its preliminary discussion of the issues, the court cited *Carey v. Saffold*, 536 U.S. 214, 217, 122 S.Ct. 2134, 2136, 153 L.Ed.2d 260 (2002) and 28 U.S.C. § 2244(d)(2) when stating, as Getz notes, that "[t]he one-year time limit . . . is tolled during the time in which a petitioner could properly file an application for State post-conviction or other collateral review."  349 F.3d at 1307.  However, when addressing the specific statutory tolling issue before it, the court held that:

> According to the AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).  In *Carey v. Saffold,* the Supreme Court interpreted the word "pending" to "cover the time between a lower state court's decision and the filing of a notice of appeal to a higher state court." 536 U.S. 214, 217, 122 S.Ct. 2134, 2136, 153 L.Ed.2d 260 (2002). "[U]ntil the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.' " 536 U.S. at 220, 122 S.Ct. at 2138. Because Jones could have filed a notice of appeal from the dismissal of his second Rule 32 petition from March 6, 2001, to April 17, 2001, we agree that the AEDPA should have been tolled for that time.

349 F.3d at 1307-1308.  It is therefore clear that the quotation from *Jones* on which Getz relies is not only

Case 2:03-cv-01064-MEF-SRW   Document 15   Filed 03/08/06   Page 10 of 14

language of 28 U.S.C. § 2244(d)(2) and relevant decisions issued by both the United States Supreme Court and the Eleventh Circuit Court of Appeals. The statute expressly limits tolling of the one-year period of limitation to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . ." 28 U.S.C.§ 2244(d)(2). Thus, under this section, tolling is allowed only when a petitioner has submitted a "properly filed" state post-conviction petition. The directives of § 2244(d)(2) therefore establish that a petition which has not yet been filed cannot be considered a "properly filed" application for statutory tolling purposes. Governing case law likewise permits tolling under § 2244(d)(2) only when a petitioner has "properly filed" an application for state-post conviction relief. *Evans v. Chavis*, --- U.S.---, 126 S.Ct. 846, 849 (2006) ("The Act tolls this 1-year limitations period for the 'time during which a properly filed application for State post-conviction or other collateral review . . . is pending.'"); *Artuz v. Bennett,* 531 U.S. 4, 8, 11, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) ("[A]n application is 'properly filed' [for purposes of tolling under § 2244(d)(2)] when its ***delivery and acceptance*** are in compliance with the applicable [state] laws and rules governing filings.") (emphasis added); *Wade v. Battle*, 379 F.3d 1254, 1259 (11th Cir. 2004)

---

dicta, but it also fails to account for the court's subsequent holding that statutory tolling is available only after the proper filing of a Rule 32 petition and during the time such state post-conviction petition remains pending in the state courts. *Id.* Moreover, the referenced quotation directly contradicts the plain text of 28 U.S.C. § 2244(d)(2), the appellate court's own decisions and those of the United States Supreme Court. The law is well settled that "[*d*]*icta from [the Eleventh Circuit] is not authority for district courts to circumvent Supreme Court mandates or federal rules of procedure.*" *Jones v. White*, 992 F.2d 1548, 1566 (11th Cir. 1993) (emphasis in original).

(Tolling under 28 U.S.C. § 2244(d)(2) "depends on how long [a petitioner's] application for state post-conviction relief was 'properly filed' and 'pending.'"); *Sibley v. Culliver*, 377 F.3d 1196, 1202 (11th Cir. 2004) ("Under § 2244(d)(2), . . . statutory tolling is available only if an application for review is filed" in the state court.); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("The statutory tolling provision does not encompass a period of time in which a state prisoner does not have a 'properly filed' post-conviction application actually pending in state court."); *Hurley v. Moore*, 233 F.3d 195, 1297-1298 (11th Cir. 2000) ("Where the petition is not 'properly filed' there is no tolling of the one-year limitations period.").  Getz filed his Rule 32 petition on March 16, 2001, over a year and six months after receiving notice that his convictions had become final with the denial of his direct appeal.  The law does not allow tolling of the limitation period under 28 U.S.C. § 2244(d)(2) during the period of time that Getz could have filed such a petition.

Based on the above referenced facts and in accordance with applicable federal law, the court concludes that the limitation period ran for 47 days from the time Getz became aware of the finality of his convictions on August 17, 1999 until the filing of a motion to modify sentence on October 4, 1999.[7]  *Ford v. Moore*, 296 F.3d 1035, 1038 (11th Cir. 2002) (Title 28 U.S.C. § 2244(d)(2) "does not limit tolling solely to collateral attacks which

---

[7]. In this motion, Getz requested that the life sentence imposed for the Bullock County trafficking conviction be modified to run concurrent with a separate life sentence imposed upon him by the Circuit Court of Clay County, Alabama.  Such a motion is appropriate under Rule 26.12(c) of the Alabama Rules of Criminal Procedure which provides that "[t]he [sentencing] court may at any time by a nunc pro tunc order provide that previously imposed consecutive sentences run concurrently."

contain federally cognizable claims.  Rather, the statute specifically provides tolling for any post-conviction petition for relief with respect to the pertinent judgment [or relevant sentence].").  The trial court denied this motion on October 15, 1999.  Getz did not appeal this denial and the motion therefore achieved final resolution in the state courts on November 26, 1999 -- the date on which Getz's time to appeal the trial court's order expired.  *See* Rule 4(b), *Alabama Rules of Appellate Procedure* (appeal of orders issued in criminal cases shall be file within 42 days of issuance of the challenged order).  Thus, as of the aforementioned date, Getz had 318 days of the applicable limitation period remaining within which to file a federal habeas petition.  Consequently, the limitation period began to run again on November 27, 1999 and ran uninterrupted until it expired on October 10, 2000.  Although Getz filed a Rule 32 petition on March 16, 2001 challenging his Bullock County convictions, this petition was not pending during the running of the federal limitation period.  The law directs that "even 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("The plain language of the statute provides for tolling '[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending.' 28 U.S.C. §

2244(d)(2).  While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.  In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").  In light of the foregoing, the state post-conviction petition filed by Getz on March 16, 2001 had no effect on the running of the limitation period applicable to this federal petition for habeas corpus relief because the limitation period expired in October of 2000.  *Webster*, 199 F.3d at 1259.

Getz filed the instant federal habeas petition on October 24, 2003.  Under the facts and circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired, at the latest, on October 10, 2000.  The limitation period therefore lapsed over three years prior to Getz's filing this federal action.  Getz has failed to show cause why this petition should not be dismissed as untimely filed.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The  petition for habeas corpus relief filed by Charles Wayne Getz be denied as Getz failed to file the petition within the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1).

2.  This case be dismissed with prejudice.

It is further

ORDERED that on or before March 21, 2006 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 8th day of March, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

14